# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-1083

_____

| | | |
|---|---|---|
| Cardrick D. Flowers, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2009
Filed: November 10, 2009

_____

Before MELLOY, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Cardrick D. Flowers was charged in Arkansas state court with aggravated robbery, theft of property, and being a felon in possession of a firearm. A jury found Flowers guilty of all three charges, and the trial court sentenced him to an aggregate term of 480 months' imprisonment. Flowers appealed his conviction, and the Arkansas Court of Appeals affirmed. After the Arkansas Supreme Court denied post-conviction relief, Flowers filed a petition for writ of habeas corpus under 28 U.S.C.

§ 2254. The district court[1] denied habeas relief but granted a certificate of appealability on the issue of whether Flowers's attorney provided ineffective assistance of counsel by not moving to sever the felon-in-possession charge from the aggravated robbery and theft of property charges. For the following reasons, we affirm.

## I.    BACKGROUND

On March 5, 2003, Flowers, Vic Norman and Alvin Akins robbed a McDonald's restaurant in Pine Bluff, Arkansas. Flowers and Norman entered the restaurant armed with handguns and forced the manager to give them approximately $1200. Flowers and Norman left the restaurant with the stolen cash and jumped in a waiting car driven by Akins. The police arrived on the scene and gave chase as the getaway car pulled out of the parking lot. One of the robbers aimed a gun at the police, and an officer opened fire in response. Flowers was struck in the back by one of the bullets. The getaway car jumped a curb and got stuck in a muddy field. Norman and Akins fled the vehicle on foot, and the police arrested them after a brief chase. Flowers also fled the vehicle and was found a short time later hiding in a nearby dumpster.

At trial, Flowers's defense theory was that Norman and Akins robbed the restaurant while he was asleep in the backseat of the car and that he woke up during the police chase when he was shot in the back. The jury nonetheless convicted Flowers of aggravated robbery, theft of property, and being a felon in possession of a firearm. The Arkansas Court of Appeals affirmed.

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Flowers filed a petition for post-conviction relief in the state circuit court under Rule 37 of the Arkansas Rules of Criminal Procedure. Flowers claimed, among other things, that his attorney was ineffective because he did not move to sever the felon-in-possession charge from the other charges. Flowers argues that this decision prejudiced him because it allowed the prosecution to introduce into evidence a certified copy of his prior conviction for arson as a basis for proving that he was a felon, a necessary element of the felon-in-possession charge.

At the Rule 37 evidentiary hearing, the circuit court heard testimony from Horace Fikes, Flowers's defense attorney. Fikes testified that he visited Flowers in the county jail several times before trial and that Flowers was helpful in formulating the trial strategy. Fikes did not specifically remember discussing the severance issue with Flowers but testified that "I would think that . . . I would have advised" Flowers about it. Fikes also testified that at the time of the trial he was aware that the public defender's office where he worked had a default policy of moving to sever felon-in-possession charges from other felony charges. Fikes chose to disregard this policy because Flowers was "going for broke" by denying all involvement in the robbery. Fikes reasoned that if all the charges were tried together, Flowers would not have to face the burden of a subsequent trial for the felon-in-possession charge and would avoid giving the state two chances to convict him. Following the Rule 37 hearing, the circuit court denied relief, and the Arkansas Supreme Court affirmed.

Flowers filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254, challenging his conviction on several grounds. The district court denied habeas relief but granted a certificate of appealability on the sole issue of whether Fikes provided ineffective assistance by not moving to sever the felon-in-possession charge from the other charges.

## II.    DISCUSSION

In reviewing a district court's denial of habeas relief, we review its findings of fact for clear error and its conclusions of law de novo. *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004). Like the district court, we review the underlying decision of the Arkansas Supreme Court under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

The Arkansas Supreme Court rejected Flowers's ineffective assistance of counsel claim on the merits. The court held that Fikes's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), because Fikes presented credible evidence that his decision not to seek a severance of the felon-in-possession charge was a tactical decision supported by reasonable professional judgment. *Flowers v. State*, No. CR 06-1065, 2007 WL1367581, at *2 (Ark. May 10, 2007) (unpublished per curiam).

Under AEDPA, our review of the Arkansas Supreme Court's decision is "limited and deferential." *See Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). We may not grant a writ of habeas corpus unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[2]

---

[2]We may also grant habeas relief under AEDPA if the Arkansas Supreme Court based its decision "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Fikes's testimony at the Rule 37 hearing provided the factual basis for the state court decision, and Flowers concedes in his reply brief that Fikes "told the truth" and that he does not question Fikes's "honesty or motives." Appellant's Reply Br. at 5. Accordingly, we limit our review under AEDPA to the "contrary to" and "unreasonable application" clauses of § 2254(d)(1).

A state court violates the "contrary to" clause of § 2254(d)(1) if it "applies a rule that contradicts the governing law set forth" by the Supreme Court or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a [different] result." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The state correctly identified *Strickland* as the controlling Supreme Court precedent applicable to this case. Flowers does not contend, nor does the record establish, that the state court's decision contradicts the governing law set forth by the Supreme Court or that the facts of his case are materially indistinguishable from *Strickland*. Therefore, we hold that the Arkansas Supreme Court's decision was not "contrary to" clearly established federal law under § 2254(d)(1).

A state court violates the "unreasonable application" clause of §2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. "It is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (citing *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005)).

To prevail on an ineffective assistance claim under *Strickland*, a petitioner must show that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. In evaluating an attorney's performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Moreover, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Flowers argues that the Arkansas Supreme Court misapplied *Strickland*'s performance prong because Fikes's failure to seek a severance was not a strategic decision. Flowers first argues that Fikes's severance decision could not have been strategic because Fikes misunderstood the legal ramifications of his decision. Fikes indicated at a pre-trial conference that he thought the prosecutor could not present evidence that Flowers was a convicted felon until sentencing. The trial judge interjected, explaining that the prosecutor could introduce evidence of Flowers's prior conviction at the beginning of trial. Fikes nonetheless persisted in not seeking a severance. Flowers argues that Fikes's initial misunderstanding shows that the severance decision was not a strategic decision and that he was prejudiced by the introduction of his conviction into evidence at the beginning of trial. While Flowers is correct that an attorney's decision is not strategic if it is solely or primarily based on a mistaken understanding of the law, *see Williams*, 529 U.S. at 395; *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986), in this case the record clearly shows that Fikes based his decision on Flowers's general denial defense, not on any mistaken understanding about the admissibility of Flowers's conviction prior to trial.

Although Fikes did not specifically remember discussing the severance issue with Flowers, Fikes testified that, as a matter of trial strategy, he decided not to sever the felon-in-possession charge because Flowers was "going for broke." In other words, Fikes reasoned that if the jury believed that Flowers had not participated in the robbery, it would also find him not guilty of being a felon in possession of a firearm. As a result, Flowers would not have to face a subsequent trial on the felon-in-possession charge. It is inappropriate for us to second-guess this strategic decision. *See Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997) ("We presume attorneys provide effective assistance and will not second-guess strategic decisions or exploit the benefits of hindsight.").

Flowers also argues that Fikes's decision to try the charges together could not have been strategic because it violated the default policy of the public defender's

office where Fikes worked. We disagree. *Strickland* specifically cautions courts to avoid bright-line rules based on "detailed guidelines," such as the policy of the public defender's office in this case. *See* 466 U.S. at 688-89 (noting that a mandatory set of rules "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions"). Fikes was aware of the default severance policy but exercised his professional judgment in disregarding it based on Flowers's general denial defense. *See Evans*, 371 F.3d at 445 (holding that "strategic and tactical decisions made by counsel, though they may appear unwise in hindsight, cannot serve as the basis for an ineffective-assistance claim under *Strickland*").

The Arkansas Supreme Court held that Fikes did not violate *Strickland*'s performance prong because his failure to seek a severance was a strategic decision.[3] In so holding, the Arkansas Supreme Court did not violate the "unreasonable application" clause of § 2254(d)(1).[4]

---

[3]After deciding that Fikes's performance was not deficient under *Strickland*'s performance prong, the Arkansas Supreme Court properly declined to discuss the prejudice prong. *See Strickland*, 466 U.S. at 697 (noting that "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one").

[4]Flowers also argues that the Arkansas Supreme Court's decision was an unreasonable application of *Strickland* because it was inconsistent with *Burton v. State*, 238 S.W.3d 111 (Ark. 2006), and *Price v. State*, 66 S.W.3d 653 (Ark. 2002). This argument lacks merit. AEDPA requires us to determine whether the Arkansas Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by *the Supreme Court of the United States*." *See* 28 U.S.C. § 2254(d)(1) (emphasis added). Whether the Arkansas Supreme Court misapplied its own precedents is irrelevant to this analysis. *See Evenstad v. Carlson*, 470 F.3d 777, 783 (8th Cir. 2006) (holding that § 2254(d)(1) requires the petitioner "to point to the [United States] Supreme Court precedent he thinks the Minnesota state courts acted contrary to or applied unreasonably" and that "it is not enough for [the petitioner] to argue that Minnesota state courts misapplied state law").

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Flowers's petition for writ of habeas corpus.

_____