# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3241

———————

| | | |
|---|---|---|
| Ecclesiastes M.D. Matthews, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| James Purkett, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: July 1, 2010
Filed: July 8, 2010

———————

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Ecclesiastes Matthews appeals the district court's[1] judgment denying his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability on Matthews's venue-related ineffective-assistance claims. For the reasons that follow, we affirm.

Matthews was charged in Marion County, Missouri, with two felony counts of sale of a controlled substance. Prior to trial, he moved for a change of venue under

———————

[1]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.

Missouri Supreme Court Rule 32.03, which provides that a criminal defendant is entitled upon timely request to a change of venue as a matter of right if charges are brought in a county of 75,000 or fewer inhabitants. The trial court granted the motion, but transferred the case to another district within the same county--from District 2 in Hannibal to District 1 in Palmyra--instead of transferring the case to another county. Matthews proceeded to trial, the Palmyra jury found him guilty after a trial that included testimony of two confidential informants who wore recording devices while they made controlled purchases of drugs from Matthews, and the trial court sentenced Matthews as a prior drug offender to two consecutive 25-year prison terms. On direct appeal, Matthews did not raise a change-of-venue issue, and the Missouri Court of Appeals affirmed. See State v. Matthews, 99 S.W.3d 494 (Mo. Ct. App. 2003) (per curiam). He then filed a state post-conviction petition, asserting in part that his counsel had provided ineffective assistance by failing to object at trial and on direct appeal to the trial court's failure to transfer the case to a different county. The motion court denied relief without an evidentiary hearing, the Missouri Court of Appeals reversed and remanded for an evidentiary hearing on two issues, and the Missouri Supreme Court granted transfer and affirmed. See Matthews v. State, 175 S.W.3d 110, 113-15 (Mo. 2005) (en banc) (concluding that, even though criminal trial court had erred in failing to transfer Matthews's case to different county, Matthews did not plead facts showing prejudice stemming from his counsel's failure to object to the improper venue, and Rule 32.03 did not create presumption that defendant could not receive fair trial in counties having 75,000 or fewer inhabitants).

In this section 2254 petition, Matthews claimed, in relevant part, that his trial counsel was ineffective for failing to object when the trial court transferred the case within the same county, and his appellate counsel was ineffective for failing to raise on direct appeal the venue issue as plain error. A magistrate judge found that Matthews's venue-related claim of ineffective assistance of appellate counsel had merit, but the district court, upon de novo review, sustained the State's objection and denied habeas relief.

We review the district court's findings of fact for clear error and its conclusions of law de novo. See Flowers v. Norris, 585 F.3d 413, 416 (8th Cir. 2009), cert. denied, 2010 WL 247112 (U.S. June 21, 2010) (No. 09-10582). If the issues raised in the federal habeas petition have been adjudicated on the merits in a state court proceeding, the petition must be denied unless the state court decision "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." See 28 U.S.C. § 2254(d); Flowers, 585 F.3d at 416.

We agree with the district court that the Missouri Supreme Court's adjudication of Matthews's venue-related ineffective-assistance claims was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts. Contrary to Matthews's argument on appeal, his criminal trial counsel failed to preserve a venue objection after the trial court granted his change-of-venue motion but improperly transferred the case within the same county. Cf. State v. Bradshaw, 81 S.W.3d 14, 28 (Mo. Ct. App. 2002) ("A defendant's failure to object to the action of the court in ordering a change of venue acts to waive the defendant's right to a particular venue."). Matthews did not plead or demonstrate he was prejudiced by his counsel's waiver of the issue, and thus his claims of ineffective assistance of trial and appellate counsel fail. See Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000) (in order to establish counsel was ineffective, habeas petitioner must demonstrate he suffered material prejudice as result of counsel's poor performance).

The judgment is affirmed.

_____