# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3696
_____

Robert V. Paulson, II

*Petitioner - Appellant*

v.

Newton Correctional Facility, Warden

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 13, 2012
Filed: January 10, 2013

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit judge.

After exhausting his remedies in state court, Robert Paulson filed a writ of habeas corpus, challenging his conviction for second-degree sexual abuse of his five-year-old daughter pursuant to 28 U.S.C. § 2254. The district court denied Paulson's petition. We granted a certificate of appealability on a single ineffective assistance of counsel claim, and we remand the case to the district court for it to consider whether the Iowa Court of Appeals's decision in Paulson v. State, 759 N.W.2d 2, No.

07-1108, 2008 WL 4525476 (Iowa Ct. App. Oct. 1, 2008) (table) (unpublished) was "contrary to" clearly established federal law.

I.

An Iowa jury convicted Robert Paulson of second-degree sexual assault for sexually abusing his five-year-old daughter, M.P. The government's case consisted of M.P.'s conflicting testimony, a police officer's testimony that M.P. said her father inappropriately touched her, M.P.'s therapeutic counselor's testimony that M.P. said her father touched her, Paulson's statement to a police officer that he showered with M.P., the testimony of Paulson's former girlfriend regarding their sexual conduct during their relationship, and M.P.'s babysitter's testimony that on one occasion when Paulson picked up M.P., he began groping and rubbing M.P. in front of her. The government did not offer any physical evidence of sexual abuse, but did offer circumstantial evidence implying that M.P. engaged in sexual behavior unusual for her age.

The jury also heard from Paulson's ex-wife regarding his physically aggressive sexual behavior during their marriage. She testified:

> Well, I would tell Bob no because I was not interested or I wasn't feeling good. Bob didn't care. He would always force himself on top of me. And if he didn't—if intercourse wasn't that night, then it had to be in the morning or just whenever. And there would be times where I was in the shower and he would get in the shower and masturbate.

This testimony arguably provided evidence that Paulson was willing to force himself on another for sex, and, significantly for the purposes of Paulson's instant appeal, his trial counsel did not object.

Paulson's defense attacked the veracity of the government's witnesses, arguing that there was no direct, credible evidence that Paulson abused M.P. Specifically, a clinical psychologist testified the police questioning of M.P. was coercive and aimed toward inducing M.P. to state that her father was sexually abusive. Additionally, M.P.'s pediatrician and members of the community, including M.P.'s teachers, testified that they observed no physical or emotional signs of sexual abuse. Paulson did not testify, and the jury rejected Paulson's defense, finding him guilty of second-degree sexual abuse.

Paulson filed a direct appeal of his conviction and sentence, and the Iowa Court of Appeals affirmed his conviction. See State v. Paulson, 662 N.W.2d 370, No. 01-0379, 2003 WL 118209, at *5 (Iowa Ct. App. Jan. 15, 2003) (table) (unpublished). Subsequently, Paulson filed an application for postconviction relief, arguing 18 grounds of ineffective assistance of counsel by his trial and appellate counsel. The Iowa district court dismissed Paulson's postconviction application, but the Iowa Court of Appeals remanded the case for an evidentiary hearing, concluding there were "genuine issues of material fact underlying Paulson's various ineffective assistance of counsel claims . . . ." Paulson v. State, 705 N.W.2d 340, No. 04-1321, 2005 WL 1963625, at *3 (Iowa Ct. App. Aug. 17, 2005) (table) (unpublished).

On remand, the Iowa district court found that the attorneys' "performance was not ineffective and did not result in prejudice to [Paulson]." Paulson v. State, 759 N.W.2d 2, No. 07-1108, 2008 WL 4525476, at *1 (Iowa Ct. App. Oct. 1, 2008) [hereinafter Paulson] (table) (unpublished). The Iowa district court specifically addressed whether Paulson's trial counsel was ineffective for not objecting to the testimony of his ex-wife that could imply he was sexually violent. Id. at *4. Rejecting Paulson's claim, the district court held that even if failing to object constituted inadequate assistance, "Paulson cannot prove by the preponderance of the evidence that counsel's objection . . . would have resulted in a different outcome at trial." Id. (quoting Iowa district court). The Iowa Court of Appeals agreed with the

district court, holding that "[a]lthough we share the postconviction court's concern about the evidence of appellant's forcing himself on his wife, we must agree with the court's conclusion appellant cannot demonstrate that exclusion of the challenged evidence would have resulted in a different outcome at trial." Id. Paulson's application for further review was denied.

In 2009, Paulson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied relief, and this Court granted a certificate of appealability on Paulson's claim that his trial counsel was ineffective for failing to challenge his ex-wife's testimony about his sexual behavior during their marriage.

II.

On appeal, Paulson argues that the decision of the Iowa Court of Appeals was both (1) "contrary to" and (2) an "unreasonable application of" clearly established federal law. We do not reach Paulson's second argument—that the court's application of federal law was unreasonable—because we remand the case for the district court to consider if the Iowa court's decision was "contrary to" clearly established federal law.

In reviewing a district court's denial of a section 2254 petition, we review the district court's findings of fact for clear error and its conclusions of law de novo. Flowers v. Norris, 585 F.3d 413, 416 (8th Cir. 2009). "Like the district court, we review the underlying decision of the Iowa Court of Appeals under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." Hanegan v. Miller, 663 F.3d 349, 354 (8th Cir. 2011), cert. denied, 132 S. Ct. 2393 (2012).

When claims are adjudicated on the merits in state-court proceedings, relief is permissible under the AEDPA only if the state court's determination

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). We review Paulson's claims by the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail under Strickland, a defendant must first show that his attorney's performance was deficient. Strickland, 466 U.S. at 687. Additionally, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Paulson first contends that the decision of the Iowa Court of Appeals was "contrary to" clearly established federal law because it applied a preponderance of the evidence standard rather than a reasonable probability standard in concluding that his ex-wife's testimony was not prejudicial.[1] A state court's decision is contrary to the Supreme Court's clearly established precedent when it applies a rule that contradicts the governing law set forth by the Court. See Williams v. Taylor, 529 U.S. 362, 405 (2000). As an example, the Court in Williams stated:

---

[1] The issue of whether failure to object to Paulson's ex-wife's testimony as to his sexual behavior constituted unprofessional error was raised in the Iowa Court of Appeals, but in this section 2254 proceeding, the parties do not dispute that the evidence should not have been admitted. Additionally, the district court found that the Iowa Court of Appeals "acknowledged that the testimony from Paulson's ex-wife regarding her sexual experiences with Paulson should not have been admitted."

> If a state court were to reject a prisoner's claim of ineffective assistance of counsel on the grounds that the prisoner had not established by a preponderance of the evidence that the result of his criminal proceeding would have been different, that decision would be "diametrically different," "opposite in character or nature," and "mutually opposed" to our clearly established precedent because we held in Strickland that the prisoner need only demonstrate a reasonable probability that the result of the proceeding would have been different.

Id. at 405-06 (internal quotation and alteration marks omitted).

The Supreme Court in Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) reversed the Ninth Circuit's conclusion that the California Supreme Court applied law contrary to Strickland. Id. at 23-24. Despite the California Supreme Court "painstakingly describ[ing] the Strickland standard," the Ninth Circuit concluded that the California court had held the defendant to a higher standard of proof because "the opinion used the term 'probable' without the modifier 'reasonably.'" Id. at 23. Because the California Supreme Court properly framed the Strickland standard and its use of the word "probable" alone was merely an imprecise shorthand, finding error was "inconsistent with the presumption that state courts know and follow the law." Id. at 24.

This Court has held that where a state court properly cited the reasonable probability standard in the preceding sentence, it applied the correct Strickland standard in holding the record "does not establish" a contrary result. Kennedy v. Kemna, 666 F.3d 472, 482 n.6 (8th Cir. 2012) (internal quotation marks and emphasis omitted), cert. denied, 81 U.S.L.W. 3265 (U.S. Nov. 13, 2012). Similarly, where there is only "one mistake" in an opinion stating "reasonable possibility," rather than "reasonable probability," we have been satisfied that the court applied the proper standard from Strickland. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). In

-6-

White, the district court had properly articulated the Strickland standard earlier in its opinion. See id.

Turning to the Iowa Court of Appeals's decision, we are guided by the presumption that state courts know and apply the law and are "given the benefit of the doubt." See Woodford, 537 U.S. at 24. But this case represents a different scenario than those presented in the Supreme Court's Woodford decision and our Kennedy and White opinions. Here, the Iowa Court of Appeals never mentioned Strickland, unlike the state court decision in Woodford that "painstakingly descibe[d] the Strickland standard." See id. at 23. Instead, in the overarching section titled "Scope of Review," the court articulated the standard as follows: "In order to prevail on a claim counsel was ineffective, the applicant must prove, *by a preponderance of the evidence*, both that counsel failed to perform an essential duty and that the applicant was prejudiced." Paulson, 2008 WL 4525476, at *1 (emphasis added). Later, in reference to a separate claim of ineffective assistance of counsel that is not before this Court, the Iowa Court of Appeals referenced "reasonable probability" four times as the standard for analyzing whether prejudice exists. Id. at *2-3.

In a separate section of the opinion relating to the issue on appeal in this case—trial counsel's failure to object to Paulson's ex-wife's testimony—the Iowa Court of Appeals did not reference the reasonable probability standard for prejudice. Id. at *4. Instead, it quoted the Iowa trial court's opinion, finding "Paulson cannot prove by the preponderance of the evidence that counsel's objection and the consequent exclusion of the aforementioned evidence would have resulted in a different outcome at trial." Id. (quoting Iowa trial court). In the next sentence, the Iowa Court of Appeals concluded that although it is concerned about the evidence being admitted at trial, it "must agree with the court's conclusion appellant cannot demonstrate that exclusion of the challenged evidence would have resulted in a different outcome at trial." Id. Therefore, after incorporating the district court's

-7-

application of the preponderance of the evidence standard into its opinion, the Iowa Court of Appeals dismissed Paulson's claim.

The state of Iowa argues that the "preponderance of the evidence" reference cited in Paulson refers to a quantum of evidence, not a standard for assessing a different outcome at trial. See Holland v. Jackson, 542 U.S. 649, 654 (2004) (per curiam) (holding state court's decision relying on preponderance of the evidence was in the context of a defendant's burden of proof with regard to factual allegations, not the issue of prejudice). Additionally, Iowa contends that it is well known that when a court states "preponderance of the evidence," it really means: "demonstrating by a preponderance of the evidence that a reasonable probability exists." This interpretation not only contravenes the plain language of the opinion, it would require us to consider separate cases not in the record and imply the Iowa Court of Appeals meant something else when it required that an "applicant must prove, by a preponderance of the evidence . . . that the applicant was prejudiced." See Paulson, 2008 WL 4525476, at *1.

We ultimately conclude that the district court should first examine this issue and determine whether Paulson was "contrary to" the clearly established federal law as articulated by the Supreme Court in Strickland and the Court's subsequent ineffective-assistance-of-counsel decisions, see, e.g., Williams, 529 U.S. at 406-06 (holding state court's application of preponderance of the evidence would be contrary to established federal law). The district court did not address this issue in its order dismissing Paulson's section 2254 petition, and a district court should "decide *all* issues raised in a habeas petition . . . ." See Weaver v. Bowersox, 241 F.3d 1024, 1032 (8th Cir. 2001) (remanding 21 issues to district court that were not considered).

## III.

Based on the foregoing, we remand the case to the district court (1) to consider whether the Iowa Court of Appeals's decision in <u>Paulson</u> was contrary to clearly established federal law, and (2) for further proceedings not inconsistent with this opinion.

_____