# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2260

_____

La Verne Koenig

*Petitioner - Appellant*

v.

State of North Dakota

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: March 13, 2013
Filed: June 19, 2014

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

La Verne Koenig was convicted in a North Dakota state court of a class B misdemeanor. He appeals from the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. Because we conclude that Koenig was improperly denied his Sixth Amendment right to appellate counsel, we reverse and remand with directions.

## I. Background

Koenig was charged under N.D. Cent. Code § 36-11-01 with the misdemeanor offense of livestock running at large after three of his horses were discovered roaming freely in his neighbors' fields. During the trial proceedings in the state district court (state trial court), Koenig engaged in what can only be described as several last-minute dilatory tactics that delayed and complicated this matter, including discharging his court appointed attorney less than two weeks before trial and then waiting until the morning of trial to request that new counsel be appointed and that a continuance be granted. After being appointed new counsel, Koenig again waited until the morning of trial before making a pro se motion to disqualify the judge and to request another continuance of the trial. That motion was denied, and Koenig was found guilty following a jury trial. The state trial court sentenced Koenig to thirty days in the Traill County Jail, but suspended the sentence and placed Koenig on one year of unsupervised probation.

Thereafter, Koenig filed two motions, one for a new trial based primarily upon claims that his appointed counsel had provided ineffective assistance at trial and the other requesting the appointment of new counsel. In the motion for new counsel, Koenig requested that his current court appointed attorney be removed and new counsel appointed "to *assist* in the amending and presentation, of this MOTION FOR NEW TRIAL." Koenig's second appointed counsel also filed a motion to withdraw. Following a hearing on these motions, the state trial court made a number of factual findings regarding Koenig's behavior throughout the trial proceedings, which culminated in the following:

> My next finding is that through your manipulative conduct, you, Mr. Koenig, have forfeited any further or continued right to a public defender.

Finally, I explicitly find that your conduct is the functional equivalent of a voluntary waiver of your right to counsel, and I further find that that waiver has been knowingly and intelligently made.

So not only have I granted [appointed counsel's] motion to withdraw, I am denying your request for a further public defender. You do have the right to hire a lawyer at your own expense; but, at this point, at least at the trial court level, that's the only option left open to you.

Appellee's App. 35. Koenig's motion for a new trial was also denied.

A restitution hearing was later held to determine the damages Koenig's neighbors had suffered as a result of his horses running at large. At the conclusion of the restitution hearing, the state trial court informed Koenig that once restitution was resolved a final judgment would be entered, which would mark the beginning of his thirty-day period to file an appeal with the North Dakota Supreme Court. The state trial court then stated, "Whether or not you would be entitled to a lawyer on appeal is an issue that you would have to take up with the clerk of the Supreme Court." On November 13, 2009, the trial court entered findings of fact, conclusions of law, and order for judgment, which found that Koenig owed $5,400 in restitution. The order of judgment amended Koenig's earlier sentence by extending his unsupervised probation to three years from the entry of the amended judgment, or until payment in full of the restitution obligation, whichever occurred first.

Koenig filed a notice of appeal with the North Dakota Supreme Court on December 11, 2009. Koenig also filed a motion with the North Dakota Supreme Court requesting the appointment of appellate counsel. On December 29, 2009, the North Dakota Supreme Court entered an order stating, "[I]nasmuch as this court does not appoint legal counsel, the motion for counsel is DENIED." The docket entry accompanying this order indicated that requests for counsel are to be made with the

trial court.[1] Following the receipt of the Supreme Court's order, Koenig filed a motion with the state trial court on January 14, 2010, requesting, among other things, that the court "take Judicial Notice of the State Supreme Courts [sic] Order, Denying Defendants [sic] Motion for the Supreme Court to appoint legal counsel to assist in appealing this criminal conviction. Wherein the State Supreme Court clearly stated that they do not appoint appellate counsel." Appellant's App. 119-20. The motion stated further, "Defendant further advises this Court that his financial situation has not improved since the filing of his Motion for Counsel on August 10, 2009." Id. The record does not contain a ruling by the state trial court regarding this motion, but it is undisputed that appellate counsel was not appointed. Thereafter, Koenig proceeded to brief and argue his direct appeal pro se. He included among the other specifications of constitutional error set forth in his brief his claim that he had been denied his constitutional right to appointed counsel on appeal, citing Douglas v. California, 372 U.S. 353 (1963).

On April 19, 2010, the day before Koenig's direct appeal was to be heard by the North Dakota Supreme Court, Koenig filed in the United States District Court for the District of North Dakota (district court) a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion for an emergency stay of the pending oral argument on his direct appeal. Koenig's petition identified as alleged errors in his state court conviction the same eleven errors that Koenig had raised in his appellate brief before the North Dakota Supreme Court. As grounds for his request for an emergency stay, Koenig alleged that he was entitled to the assistance of legal counsel on his direct appeal as a matter of right under statute and Supreme Court precedent. He alleged further that:

---

[1] In response to our request, Koenig's counsel in this proceeding conducted an investigation and reported that there is no record that the December 28, 2009, motion was ever refiled with the state trial court.

The [state trial] court refuses to appoint legal counsel, even though Petitioner has been found indigent, Petitioner thereafter moved the State Supreme Court, for the appointment of appellate counsel, which they denied, stating they do not appoint appellate counsel. Petitioner has thus been forced to defend in pro se capacity.

Mot. for Emergency Stay 1. Koenig requested an order staying the proceedings before the North Dakota Supreme Court until a determination regarding his right to legal counsel for his direct appeal was made by the district court. Id. at 4. Because of the late nature of the filing, the district court was unable to rule upon the motion for an emergency stay until after oral argument on Koenig's direct appeal was heard. The district court thus denied the motion as moot. See D. Ct. Order of May 14, 2010, at 1-2. Moreover, the district court concluded that because the North Dakota Supreme Court had not issued a decision on Koenig's direct appeal, the claims in his habeas corpus petition had not been fully exhausted. Accordingly, the district court dismissed the petition without prejudice. Id.

Unbeknownst to the district court, the North Dakota Supreme Court had issued a summary denial of Koenig's appeal on May 11, 2010, in which it affirmed his conviction and rejected all eleven claimed errors. See State v. Koenig, 789 N.W.2d 731 (N.D. 2010) (table decision).[2] Koenig filed a motion for reconsideration with the district court, asking that it reconsider its conclusion that he had failed to exhaust his administrative remedies. The district court granted the motion, stating: "Having now exhausted his state court remedies, the Court hereby grants Koenig's motion to alter and amend its previous Order." D. Ct. Order of July 22, 2010, at 1. The district court then addressed the merits of the petition and concluded that none of Koenig's claims demonstrated an unreasonable application of clearly established federal law or a clear error in any factual findings. The district court dismissed his petition with prejudice and denied a certificate of appealability. Id. at 6-7.

_____

[2]Koenig's petition for writ of certiorari from that decision was denied later that year. Koenig v. North Dakota, 131 S. Ct. 664 (2010).

Koenig applied for a certificate of appealability with this court. A panel of this court granted Koenig in forma pauperis status on appeal and found that reasonable jurists would find debatable the district court's rejection of the following claims in the absence of the relevant state court records: (1) that Koenig was denied appointment of appellate counsel; (2) that counsel was ineffective for failing to raise the defense that Koenig maintained a ditch as a lawful fence and for failing to challenge the testimony that undermined that defense; (3) that the statute defining a lawful fence was unconstitutionally vague as applied to Koenig due to the conflicting testimony concerning the standards for a lawful fence, including when a ditch amounted to a lawful fence; and (4) that the evidence was insufficient to show that Koenig acted willfully and that he did not maintain a lawful fence. The panel denied a certificate of appealability on the remaining claims. Koenig's petition was remanded to the district court for consideration of those four claims once the state of North Dakota (State) had responded to the petition and produced the relevant portions of the state record.

The State's response included a motion to dismiss the petition. After the motion was fully briefed, the district court conducted a thorough review of the state court record and granted the State's motion to dismiss the petition, holding that Koenig was not entitled to the relief he sought under § 2254. See D. Ct. Order of April 25, 2012, at 21. The district court granted Koenig a certificate of appealability on the four earlier-remanded claims, and this appeal followed.

## II. Discussion

"In reviewing a district court's denial of habeas relief, we review its findings of fact for clear error and its conclusions of law de novo." Flowers v. Norris, 585 F.3d 413, 416 (8th Cir. 2009). Like the district court, we review the underlying decision of the North Dakota Supreme Court under 28 U.S.C. § 2254, as amended by

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. Under AEDPA, an application for a writ of habeas corpus may only be granted if the adjudication of the underlying state court action resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or one "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Koenig first contends that the district court erred by denying him habeas relief on his claim that he was denied his Sixth Amendment right to appellate counsel on his direct appeal. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938); United States ex rel. Miner v. Erickson, 428 F.2d 623, 626 (8th Cir. 1970) ("The right to counsel may be waived, of course, if the waiver is made voluntarily and intelligently by a competent mind." (internal quotation marks omitted)). In Gideon v. Wainwright, 372 U.S. 335 (1963), the Court extended to state court prosecutions the right to state-appointed counsel established in Zerbst. And in Douglas, 372 U.S. at 357-58, the Court held that the right to counsel includes the right to appellate counsel for an appeal of a conviction taken as a matter of right.

Under North Dakota law, Koenig was entitled to appeal his misdemeanor conviction as a matter of right. See N.D. Cent. Code § 29-28-03. Thus, in its order denying habeas relief on this claim, the district court recognized that "[u]nless there was a valid waiver of the right to counsel, this denial of appellate counsel would violate Koenig's state and federal constitutional rights." D. Ct. Order of Apr. 25, 2012, at 7. After recounting the litany of difficulties that Koenig had presented to his trial counsel and to the state court system that had led to the state trial court's finding of a voluntary waiver of counsel, the district court concluded:

[T]his Court concurs that the state district court's factual findings compelled the legal conclusion that Koenig's conduct constituted a valid waiver of his right to appellate counsel. Koenig's abuse of the judicial process and his refusal to cooperate with either of his court-appointed attorneys were both manifestations of his desire to try his case strictly on his own terms. In light of this rogue approach to defending his case, Koenig's constitutional right to counsel was not infringed because the further appointment of appellate counsel would have been fruitless and against Koenig's wishes as evidenced by his conduct. The denial of appellate counsel did not infringe upon Koenig's constitutional rights.

Koenig does not dispute that the state trial court determined that he had through his conduct waived his right to appointed counsel at the trial court level. He contends, however, that the record reflects that the state trial court's waiver determination was limited to the issue of the right to trial counsel only and that no determination regarding his right to appellate counsel was ever made. It is well settled "that courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights." Zerbst, 304 U.S. at 464 (internal quotation marks and footnote omitted). "While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." Id. at 465.

As recounted earlier, the state trial court determined that Koenig had made a knowing and intelligent waiver of his right to appointed trial counsel. The state trial court outlined in detail the conduct that it found to constitute "the functional equivalent of a voluntary waiver of [Koenig's] right to counsel[.]" See Appellee's App. 28-35 (quoting Mot. for New Counsel Hr'g 16:10-11, Sept. 23, 2009). But immediately following this finding, the state trial court limited its determination by stating, "You do have the right to hire a lawyer at your own expense; but, at this

point, at least at the trial court level, that's the only option left open to you." Id. at 35. Had the state trial court determined that Koenig had waived not only his right to appointed trial counsel but also his right to appointed appellate counsel, the qualifying statement "at least at the trial court level" would have been superfluous.

Moreover, the hearing during which the state trial court made its waiver determination was one addressing Koenig's motion for the appointment of new counsel to assist him with filing a trial-level motion. See Appellee's App. 17-18 (requesting the appointment of counsel to assist "in the amending and presentation, of this [motion for new trial]"). Thus, the state trial court's finding of waiver related solely to Koenig's request for appointed counsel to aid in trial court proceedings, there having been no request before it at that time for the appointment of appellate counsel.

This reading of the record finds further support in the state trial court's subsequent discussion of Koenig's right to appeal his conviction, during which it stated:

> If you intend to appeal any aspect of this case to the North Dakota Supreme Court, you must file a timely notice with the clerk. And again, the time limit is thirty days following entry of judgment. Whether or not you would be entitled to a lawyer on appeal is an issue that you would have to take up with the clerk of the Supreme Court.

Appellant's Pro Se App. 28 (quoting Restitution Hr'g 66:5-11, Oct. 21, 2009). Again, had the state trial court's waiver determination been one intended to address a request for both trial counsel and appellate counsel, the state trial court would not have erroneously directed Koenig to raise his request for the appointment of appellate counsel with the clerk of the North Dakota Supreme Court. Thus, the state trial court record will not admit of a finding that Koenig had knowingly and voluntarily waived his right to the appointment of appellate counsel.

Because the state trial court's waiver determination was limited to Koenig's right to trial counsel, Koenig is entitled to habeas relief unless the record contains some other manifestation that he knowingly and intelligently waived his right to appellate counsel. The State contends that Koenig's failure to request the appointment of appellate counsel in the state trial court after a similar motion was denied by the North Dakota Supreme Court constitutes such a waiver. We conclude, however, that Koenig's January 14, 2010, motion to the state trial court constituted a renewal of his earlier request for appellate counsel and cannot be read as a waiver of such counsel. As the Supreme Court has made clear, "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." Carnley v. Cochran, 369 U.S. 506, 513 (1962). Likewise, waiver of the right to appellate counsel cannot be inferred simply from the defendant's failure to request appellate counsel. Swenson v. Bosler, 386 U.S. 258, 260 (1967) (per curiam):

> When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.

Id.

In Harris v. Estelle, 487 F.2d 56 (5th Cir. 1973) (per curiam), the Fifth Circuit relied upon Swenson to grant habeas relief to a similar petitioner, albeit one who had been convicted of murder rather than of a minor misdemeanor. The Fifth Circuit concluded that "the state, through its officials, knew of Harris's indigency and thus had a duty to ascertain whether Harris had counsel for his appeal; if not, to advise him of his right thereto; and to appoint counsel for him if he so desired." Id. at 58. Relying on Swenson, the court held that because the record "fully and unequivocally showed that Harris's indigence and his desire to appeal were made known to a state

official, namely, the trial judge, . . . he [was] entitled to an out of time appeal with counsel." Id.

The record is clear that the state trial court was aware of Koenig's indigency as well as of his desire to appeal. Its failure to respond in any manner to Koenig's January 14, 2010, motion forecloses any claim that it at that time found that Koenig had waived his right to appellate counsel. Moreover, there is nothing in the North Dakota Supreme Court's unpublished opinion indicating that it found that Koenig had knowingly and voluntarily waived his right to appellate counsel. In the absence of such record evidence, we conclude that the North Dakota state courts acted contrary to the dictates of firmly established Supreme Court precedent by failing to provide Koenig with appellate counsel.

Accordingly, we hold that Koenig is entitled to relief on his habeas petition, and thus we remand the case to the district court with directions that it be held in abeyance for not longer than 120 days from the date of issuance of our mandate. If within that time the State grants Koenig leave to take an out-of-time appeal with the assistance of counsel, the district court shall dismiss Koenig's petition. If such an appeal is not granted within that period, the district court shall enter judgment vacating Koenig's conviction. In light of our holding, we need not rule on the remaining claims raised in Koenig's petition. See Harris, 487 F.2d at 57.

## III. Conclusion

We reverse the judgment dismissing the petition and remand the case to the district court for further proceedings consistent with this opinion.

COLLOTON, Circuit Judge, dissenting.

In my view, the decision of the North Dakota Supreme Court rejecting La Verne Koenig's claim that he was denied a constitutional right to counsel on direct

appeal was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Koenig's other claims are also without merit. I would therefore affirm the order of the district court denying habeas corpus relief.

As the court recounts, during trial proceedings in North Dakota state court, Koenig "engaged in what can only be described as several last-minute dilatory tactics that delayed and complicated this matter." *Ante*, at 2. The state trial court found that "[f]rom the outset, the defendant's conduct has shown a consistent pattern which can only be characterized as an intentional effort to obstruct the legal process." Appellant's App. 117. Koenig "repeatedly demanded and then rejected court-appointed counsel, which is simply one specific means that he has utilized as a form of obstructing the legal process." *Id*. After one such incident, Koenig was warned by a trial judge that "[s]ometimes conduct does constitute a waiver, and I'm very close to finding that your conduct has been manipulative and it is a waiver of your right to an attorney." *Id*. at 115. Despite Koenig's tactics, the trial court granted him another court-appointed counsel for trial, but during post-trial proceedings, the court reached its limit. When considering Koenig's motion for new trial and his motion to dismiss his trial counsel, the state trial court ruled that Koenig—by his "manipulative conduct"—forfeited, and knowingly and intelligently waived, his right to receive further assistance from a public defender in the trial court. *Id*. at 118.

On direct appeal, Koenig moved for appointment of counsel in the state supreme court, but that court responded that it "does not appoint legal counsel," and denied the motion. Koenig then moved the state trial court to take judicial notice of the supreme court's ruling on appointment of counsel. (This was not really "a renewal of his earlier request for appellate counsel," *ante*, at 10, because Koenig did not formally move for appointment of appellate counsel in the state trial court, either before or after the state supreme court's order.) The trial court took no action to appoint appellate counsel for Koenig.

-12-

In his direct appeal, Koenig then argued that he was denied his constitutional right to counsel on appeal, but the North Dakota Supreme Court affirmed his conviction and sentence in a brief *per curiam* opinion. *State v. Koenig*, 789 N.W.2d 731, 2010 WL 1875694 (N.D. 2010) (per curiam) (unpublished table decision). There is no indication that the state court inadvertently overlooked Koenig's constitutional claim: to the contrary, the court's opinion expressly acknowledged Koenig's argument that he was "improperly denied legal counsel . . . on direct appeal." *Id*. at *1. Koenig's claim alleging denial of a constitutional right to appellate counsel was thus adjudicated on the merits by the state courts. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094-96 (2013); *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

Under § 2254(d), where a state court's rejection of a claim is unexplained, a federal habeas court must determine "what arguments or theories . . . could have supported . . . the state court's decision." *Richter*, 131 S. Ct. at 786; *see Williams v. Roper*, 695 F.3d 825, 834 (8th Cir. 2012), *cert. denied*, 134 S. Ct. 85 (2013). Here, the North Dakota Supreme Court could have concluded that Koenig, by his intentional efforts to obstruct the legal process, forfeited or waived his right to the further assistance of court-appointed counsel, both during post-trial proceedings in the trial court and on appeal. The question under § 2254(d) is whether that conclusion is contrary to, or an unreasonable application of, clearly established federal law. In light of *Richter* and *Premo v. Moore*, 131 S. Ct. 733 (2011), it is incorrect for this court to grant habeas relief on the ground that the state courts did not articulate a rationale for rejecting Koenig's claim. *Cf. ante*, at 11 ("[T]here is nothing in the North Dakota Supreme Court's unpublished opinion indicating that it found that Koenig had knowingly and voluntarily waived his right to appellate counsel.").

A federal court may grant relief on the ground that the North Dakota court's decision was "contrary to . . . clearly established Federal law" only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

-13-

of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The North Dakota courts did not dispute that an indigent appellant has a constitutional right to counsel on direct appeal in light of *Douglas v. California*, 372 U.S. 353 (1963). This case is about whether Koenig forfeited or waived his right to appellate counsel on a particular set of facts. Neither Koenig nor the court identifies any decision of the Supreme Court concerning a set of materially indistinguishable facts, so the state court's decision is not "contrary to" clearly established federal law, as determined by the Supreme Court.

To prevail under the "unreasonable application" prong of § 2254(d), a petitioner must show not only that the state court's decision was incorrect, but that it was unreasonable. *Williams*, 529 U.S. at 410. "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision," the statute precludes federal habeas relief. *Richter*, 131 S. Ct. at 786 (internal quotation omitted). Koenig must show that "there was no reasonable basis for the state court to deny relief." *Id*. at 784. The more general the legal rule at issue, "the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The Supreme Court has not addressed when a criminal defendant's manipulative and obstructive conduct during trial and post-trial proceedings amounts to a forfeiture or waiver of the right to counsel. But the Court has ruled in the context of the right to be present for trial that a defendant can lose important constitutional rights if, after he has been warned by the court about the potential consequences of disruptive behavior, he nevertheless persists. *Illinois v. Allen*, 397 U.S. 337, 343 (1970). State courts and inferior federal courts have recognized that a defendant who has been warned may knowingly, voluntarily, and intelligently waive the right to counsel by continuing obstructive conduct, *e.g.*, *United States v. Goldberg*, 67 F.3d 1092, 1100-01 (3d Cir. 1995); *State v. Carruthers*, 35 S.W.3d 516, 548-50 (Tenn. 2000), and that extreme conduct may result in a forfeiture of the right to counsel even

-14-

without advance warning. *E.g.*, *United States v. McLeod*, 53 F.3d 322, 325-26 (11th Cir. 1995); *State v. Jones*, 772 N.W.2d 496, 504-06 (Minn. 2009); *Commonwealth v. Means*, 907 N.E.2d 646, 658 (Mass. 2009); *Brickert v. State*, 673 N.E.2d 493, 496 (Ind. App. 1996). According to these authorities, a defendant may forfeit or waive the right to counsel in the trial court, *e.g.*, *Jones*, 772 N.W.2d at 506, or on appeal, *United States v. Thompson*, 335 F.3d 782, 785 (8th Cir. 2003). "[T]he forfeiture of counsel at [a nontrial phase of proceedings] does not deal as serious a blow to a defendant as would the forfeiture of counsel at the trial itself." *Means*, 907 N.E.2d at 659 (alterations in original) (internal quotation omitted).

There is a paucity of authority concerning whether a defendant's obstructive conduct in the trial court, during both trial and post-trial proceedings, can result in a forfeiture or waiver of the right to counsel on appeal. There is no obvious reason why it cannot do so in an appropriate case. The Supreme Court has never addressed the matter. The state courts thus have a good deal of leeway in reaching reasonable conclusions concerning the degree of obstructive conduct that could result in the loss of the right to appellate counsel and the type of warnings, if any, that might be required before a court refuses to appoint new counsel on appeal. *Cf. Hern v. Marshall*, No. 2:06-2790, 2009 WL 2971556, at *4 n.3 (E.D. Cal. 2009) ("The requirement that there be a knowing and intelligent waiver of the right to counsel and advisement about the dangers of self-representation, *see Faretta v. California*, 422 U.S. 806 (1975), arises from the Sixth Amendment which, under the holding of *Martinez* [*v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000)], does not apply to appellate proceedings.").

Koenig was warned by the state trial court that manipulative conduct could result in the waiver of his right to an attorney. The North Dakota Supreme Court reasonably could have concluded that Koenig—by continuing his intentional efforts to obstruct the legal process, including by his repeatedly demanding and then rejecting court-appointed counsel—forfeited or knowingly and voluntarily waived his right to have the assistance of new court-appointed counsel on direct appeal.

Under the standards of 28 U.S.C. § 2254(d), Koenig is not entitled to relief on his claim that he was denied the constitutional right to appellate counsel. Substantially for the reasons given by the district court, Koenig's other claims for relief lack merit. I would affirm the order of the district court.

_____